**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

```
* * * * * * * * * * * * * * * * * * * * * * *
DOUG PALUCK and RHONDA PALUCK      *
as parents and natural guardians on behalf  *
of their minor son, KARL PALUCK,   *
                                   *
              Petitioners,         *  No. 07-889V
                                   *  Special Master Christian J. Moran
                                   *
v.                                 *  Filed: February 27, 2015
                                   *
SECRETARY OF HEALTH                *  Attorneys' fees and costs; interim
AND HUMAN SERVICES,                *  award; amount to which respondent
                                   *  does not object.
              Respondent.          *
* * * * * * * * * * * * * * * * * * * * * * *
```

Sheila A. Bjorklund, Lommen, Abdo et al., Minneapolis, MN, for petitioners;
Alexis Babcok, United States Dep't of Justice, Washington, DC, for respondent.

**UNPUBLISHED DECISION ON INTERIM ATTORNEYS' FEES AND COSTS**[1]

      On December 21, 2007, Doug and Rhonda Paluck filed a petition alleging that various vaccines harmed their son, Karl. The Court of Federal Claims found that Karl's parents, Doug and Rhonda Paluck, met their burden of proof. 113 Fed. Cl. 210. This finding, however, is not final. The Secretary has appealed to the Federal Circuit. No. 14-5080 (Fed. Cir. May 1, 2014) (oral argmument held on Feb. 6, 2015).

      While their case remains pending, petitioners have filed a third motion for interim award for attorneys' fees and costs. Pet'rs' Mot., filed Aug. 20, 2014. In the Vaccine Program, petitioners may receive awards of attorneys' fees on an

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

interim basis.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343 (Fed. Cir. 2008).  The lack of an unappealable judgment does not preclude award of attorneys' fees and costs.  The Palucks have received two previous interim awards of attorneys' fees and costs.

Under the facts and circumstances of the Palucks' case, discussed below, a third award of interim attorney's fees and costs is appropriate.   In regard to the amount of attorneys' fees and costs, the parties have compromised.  The parties filed a stipulation of fact regarding petitioners' motion February 9, 2015.

## Procedural History

The first interim fee decision was issued on March 30, 2011.  It awarded $84,179.00 in attorney's fees, and $56,699.00 in attorneys' costs.  2011 WL 1515698.  The bulk of the costs were to reimburse the Palucks for the testimony of their expert witness, Dr. Richard Frye.  The attorneys' fees reflected counsel's work in presenting the case for a multi-day trial.

The second interim fee decision was issued on October 23, 2012, and awarded $107,703.90 in attorneys' fees and costs.  2012 WL 5504189.  Counsel's activities were primarily filing a motion for review, which persuaded the Court to vacate the special master's decision denying compensation.  See 104 Fed. Cl. 457 (2012), vacating,  2011 WL 6949326.  Counsel also filed supplemental materials on remand.

The pending motion seeks an award of attorneys' fees for counsel's activities after the second interim fee decision.  Since that award, the Palucks' attorney filed an unprecedented motion arguing that the Court should withdraw its remand because the time for the special master's action had lapsed.  See 111 Fed. Cl. 160 (2013).  After that motion was denied and the special master denied compensation a second time, 2013 WL 2453747, the Palucks filed another motion for review.  This motion was successful and the Court found the petitioners entitled to compensation and remanded for a determination of damages.  113 Fed. Cl. 210.  Given the Court's admonishment to proceed swiftly, the attorneys for both parties devoted extensive energy and efforts to complete the damages process as soon as possible.  To assist in determining how to compensate the Palucks for Karl's injury, the Palucks' attorney retained various specialists, including a life care

planner. This work culminated in a stipulation, which was adopted in a February 11, 2014 decision. 2014 WL 904238.[2]

Although this decision became the judgment of the Court on February 28, 2014, the Secretary has appealed to the Federal Circuit. The Palucks' attorney drafted one brief for the Federal Circuit and the pending request encompasses her appellate work.

The Secretary initially raised three objections to petitioners' pending motion. Resp't's Obj., filed Sept. 8, 2014. The Secretary's overarching argument is that awarding interim fees and costs is not appropriate, particularly in light of petitioners' two previous interim fee awards. The other objections concerned the amount requested for both fees and costs.

A status conference was held on January 16, 2015. The undersigned informed the parties that despite the Secretary's opposition, petitioners had established that a third award of interim fees was appropriate. Additionally, the undersigned discussed several of the Secretary's specific objections to the amount requested in fees and costs. Petitioners planned to obtain additional information and to discuss the amount requested with the Secretary. The parties filed a stipulation of fact on February 9, 2015.

## Analysis

Broadly speaking, there are two issues. The first is whether the Palucks should receive any attorneys' fees and costs at this time. The second question is assuming that some award is appropriate, what is a reasonable amount.

### Whether the Palucks' Case Satisfies the Requirements for an Award of Attorneys' Fees and Costs

Petitioners who have not been awarded compensation may be entitled to award of attorneys' fees and costs when "the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa—15(e)(1). Here, respondent does not present any argument regarding the Palucks' good faith or reasonable basis. The Court's finding that the Palucks are entitled to

---

[2] The Palucks assert that the special master could have awarded attorneys' fees and costs in conjunction with the award of compensation. Pet'rs' Reply, filed Sept. 15, 2014, at 2. However, the petitioners had not filed a third motion for attorneys' fees and costs at that time.

compensation --- even if reversed on appeal --- easily qualifies as meeting the reasonable basis standard. Thus, the Palucks are eligible for an award of attorneys' fees and costs.

### Whether the Palucks Should Be Awarded Attorneys' Fees and Costs as a Matter of Discretion

In Avera, the Federal Circuit identified some factors for the special master to consider before awarding attorneys' fees and costs on an interim basis. These include: "protracted proceedings," "costly experts," and "undue hardship." 515 F.3d at 1352. This list is illustrative not exhaustive.

Here, some factors weigh against an award on interim basis. Negatives include the relatively short amount of time since the second interim fee decision and the lack of costs paid by the Palucks. In some circumstances, these might support a denial of fees and costs on an interim basis.

However, other factors weigh in favor of an award now. First, although the Palucks have not paid the requested sum out of their pockets, the professionals whom they retained are owed this money. Second, the only reason why the Palucks are resorting to a request for interim fees (rather than a motion for final fees) is that the Secretary has extended the case's duration by appealing to the Federal Circuit. See Heinzelman v. Sec'y of Health & Human Servs., No. 07-01V, 2012 WL 4829298, at *1 (Fed. Cl. Spec. Mstr. Sept. 20, 2012). Government appeals in the vaccine program happen rarely. But, when the government appeals, the petitioners have a strong argument for an interim award of attorney's fees and costs.

Therefore, the Palucks have established that an interim award is appropriate. The remaining questions are what is a reasonable amount for attorney's fees and what is a reasonable amount for attorney's costs.

### What is a Reasonable Amount of Attorneys' Fees and Costs?

After a determination that the Palucks are entitled to an award of attorneys' fees and costs, the next question is to decide the reasonable amount. A review of the materials offered in support of the motion for interim attorneys' fees and costs indicates that the (reduced) requested amount is reasonable. Therefore, petitioners are awarded the amount to which respondent did not object.

There is no just reason to delay the entry of judgment on interim attorneys' fees and costs.  Therefore, in the absence of a motion for review filed under RCFC Appendix B, the clerk of court shall enter judgment in petitioner's favor.  Those fees and costs are awarded as follows:

**A lump sum payment of $84,812.63, in the form of a check payable to petitioner and petitioner's counsel of record, Sheila A. Bjorklund.**

The Clerk shall enter judgment accordingly.[3]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.